## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,              )
                                 )    **CRIMINAL CASE NO. CM0329-12**
        vs.                      )
                                 )    **DECISION AND ORDER**
SEAMUS KEEGAN BATISTA,           )
                                 )
        Defendant.              )
                                 )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's motion to dismiss, filed August 30, 2012. Oral arguments were heard on September 24, 2012. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On April 2, 2012, the Government filed a complaint and affidavit to charge Defendant with driving under the influence of alcohol, reckless driving, and speeding. The affidavit states that Defendant was arrested on April 1, 2012 after he drove past a police officer in excess of sixty-five (65) miles per hour, admitted to drinking beer and refused to participate in standardized field sobriety tests although he had glossy eyes and his car smelled of intoxicants. A subsequent breath test revealed that Defendant had less than 0.08% of alcohol by weight in his blood. On April 2, 2012, Defendant appeared before a Magistrate Judge and was released pending trial on the basis of a $1,000.00 personal recognizance bond.

On August 10, 2012, Defendant moved to dismiss the charge of reckless driving because the complaint lacks the probable cause to believe that the Defendant committed an offense in violation of 16 GCA § 9107. In particular, Defendant argues that the fact of speeding or drinking does not support the probable cause to believe that Defendant committed reckless driving.

## DISCUSSION

### 1. Elements of Reckless Driving

Guam law defines reckless driving as follows: "Every person who drives any vehicle upon a highway in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." 16 GCA § 9107(a). Guam's reckless driving statute, "is virtually identical to California's reckless driving statute," and California cases interpreting the statute are persuasive. *People v. Maysho*, 2005 Guam 4 ¶ 12; *see also May v. People*, 2005 Guam 17 ¶ 9.

Under California law, "mere speed may be so excessive as to afford proof of the elements necessary to make out the more serious crime of reckless driving." *People v. Nowell*, 114 P.2d 81, 82 (Cal. App. Dep't Super. Ct. 1941). The speed of an automobile necessarily involves the surrounding circumstances, including, "the highway upon which it travels, with its width, surface and the presence or lack of traffic upon it…[and] the factor of visibility; was the car driven before or after dark?" *Id.* In a similar manner, a person commits reckless driving under Guam law by a reckless disregard of the consequences under the circumstances pursuant to 9 GCA § 4.30(c). *Maysho*, 2005 Guam 4 at ¶ 13 (*quoting People v. McNutt*, 105 P.2d 657, 658 (Cal. App. Dep't Super. Ct. 1940)).[1]

In this case, the Defendant is charged with reckless driving because he drove in excess of sixty-five (65) miles per hour. The complaint and affidavit allege circumstances of drinking that are not dispositive of reckless driving because the Defendant had less than 0.08% of alcohol by weight in his blood. *See generally* 16 GCA § 18103(a)(1) (no presumption of influence). The Government does not allege any other circumstance of the Defendant's speed, including its location, the road condition, the visibility, and the vicinity of traffic, persons or property. Without these ordinary circumstances of the alleged speed, it is unclear whether the Defendant managed his automobile, "with a wanton and reckless disregard for the safety of others and in reckless disregard of the consequences of his act." *Maysho*, 2005 Guam 4 at ¶ 19.

---

[1] *See also Hall v. Mazzei*, 57 P.2d 948, 950 (Cal. Dist. Ct. App. 1936) ("Willful misconduct, like negligence, must relate to the time, place, person, and surrounding circumstances, and must be measured by them. Excessive speed under some circumstances may amount to negligence, under others to gross negligence, and under still others to willful misconduct.")

In other words, the Defendant may have acted with reckless disregard if he drove sixty-five (65) miles per hour on a narrow, winding road during a rainy night through residential traffic, and he may not have acted with reckless disregard if he drove sixty-five (65) miles per hour on a wide, straight road during a sunny day and far away from any traffic, persons or property. Without these ordinary and attendant circumstances of speed, the Court shall decline to exercise its discretion to dismiss the reckless driving charge *sua sponte* under 8 GCA § 80.70(c) and 9 GCA § 7.67. *See People v. Perez*, 2004 Guam 4 ¶¶ 8-12.

## 2. Probable Cause in the Complaint

Under Guam law, "where a person is arrested without a warrant…the prosecuting attorney shall file a complaint…and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it." 8 GCA § 45.20(a). If the court finds no probable cause to believe that the defendant committed an offense, it must dismiss the complaint and discharge the defendant at or before his first appearance. 8 GCA § 45.20(b).[2]

The judicial review of probable cause was added to 8 GCA § 45.20 in order to satisfy the Fourth Amendment requirement that a judge determine probable cause promptly after a warrantless arrest and as a condition of pretrial detention. *See* 8 GCA § 45.20, NOTE (*citing Gerstein v. Pugh*, 420 U.S. 103 (1975)). This probable cause inquiry is limited to the prevention of unjustified pretrial custody:

> The perspective taken in *Gerstein* is clearly from the post-arrest position. While an arrest and, therefore, a possibly unconstitutional invasion might be a "fait accompli," the Fourth Amendment's protection extends beyond the initial seizure to continuing detention, and post-arrest review serves to prevent continued violation.

*U.S. v. Fernandez-Guzman*, 577 F.2d 1093, 1097-1098 (7th Cir. 1978), *cert. denied* 439 U.S. 954 (1978). *See also Gerstein* 420 U.S. at 123 ("The Fourth Amendment probable cause determination is addressed only to pretrial custody.").

---

[2] Defendant advises dismissal under 8 GCA § 15.20, which is the pre-arrest standard of probable cause to obtain a warrant and does not provide for the dismissal of a complaint. Section 15.20 is not applicable to this case where a complaint based upon a warrantless arrest may be dismissed for the lack of probable cause under 8 GCA § 45.20.

For these reasons, a post-arrest complaint that is carelessly drafted without probable cause risks immediate dismissal with the discharge of a defendant and further serves as impeachment evidence in the suppression of an illegal arrest. *Fernandez-Guzman*, 577 F.2d at 1100. *See also* 8 GCA § 45.20(b).

In this case, the Defendant was arrested without a warrant and brought before the Magistrate Judge by the complaint and affidavit of the Attorney General. The Magistrate Judge released the Defendant under a personal recognizance bond of $1,000.00. The Magistrate Judge did not dismiss the complaint or discharge the Defendant for the lack of probable cause under 8 GCA 45.20(b). The Defendant provides no authority to reconsider the first judicial determination of probable cause for pretrial custody, and the Court is averse to exercise its discretion to do so absent clear error, changed circumstances, or manifest injustice. *See People v. Hualde*, 1999 Guam 3 ¶ 13.

The parties do not allege and the Court does not find clear error, changed circumstances or manifest injustice after the Magistrate's decision to release the Defendant. The Magistrate's finding of probable cause that the Defendant committed reckless driving, *inter alia*, is plausible in light of the allegation that the Defendant drove in excess of sixty-five (65) miles per hour. *See Hualde*, 1999 Guam 3 at ¶ 16 (*citing U.S. v. Alexander*, 106 F.3d 874, 876-877 (9th Cir. 1997) ("for clear error, we must not reverse as long as the findings are plausible in light of the record viewed in its entirety.")).[3] Furthermore, no manifest injustice results from the Magistrate's decision to release the Defendant under a personal recognizance bond and without a significant restraint on his liberty. *See Gerstein*, 420 U.S. at 114 (*citing* 18 U.S.C. § 3146). For these reasons, the Court shall not reconsider the Magistrate's determination of probable cause and the complaint shall not be dismissed on this basis.

The Court is mindful of the jurisdictional issues which may be raised by a less-than-skillfully drafted criminal complaint. *See e.g. State v. Boyd*, 214 A.2d 1125, 1127 (Conn. 1990)

---

[3] *See also Nowell*, 114 P.2d at 82 ("mere speed may be so excessive as to afford proof of the elements necessary to make out the more serious crime of reckless driving"); 16 GCA § 3301(c) ("speeds in excess of forty-five (45) miles per hour...shall be unlawful.")

(insufficiency of evidence at a probable cause hearing deprives trial court of personal jurisdiction). However, the Court is not convinced that jurisdiction is lost on the basis of an imperfect complaint, when the law holds jurisdiction is not lost even in the event of a warrantless arrest made without sufficient probable cause. *See U.S. v. Crews*, 445 U.S. 463, 474 n. 20, 100 S.Ct. 1244, 1251 n. 20, 63 L.Ed.2d 537 (1980) (an illegal arrest is not a bar to prosecution but it may be effectively foreclosed by excluded evidence). For this reason, the Court shall not dismiss the complaint *sua sponte* for a lack of jurisdiction.

Finally, it is significant that Defendant challenges the absence of probable cause in an inartfully drafted complaint but does not challenge the absence of probable cause in the underlying warrantless arrest. The available and preferable remedy in this case is to carefully amend the complaint to better demonstrate probable cause without alteration to the charges, defenses or applicable evidence. *See e.g.* 8 GCA §§ 15.10 and 55.20; *People v. Manibusan*, No. 81-00053A, 1983 WL 29943, at *3 (D. Guam App. Div. 1983); *People v. Diaz*, 2007 Guam 3 ¶¶ 15-17. The Court must note that the prosecuting attorney could most easily avoid dismissal with an application to amend a lacking complaint made pursuant to 8 GCA § 55.20.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby DENIED.

**SO ORDERED this** ___9TH___ **day of November, 2012.**

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

Dated at Hagatna, Guam

NOV 0 9 2012

*Enrique F. Aflague, Jr.*
Deputy Clerk, Superior Court of Guam